IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 4:05CR156 (1) |
| | § | |
| PAUL CHARLES WHITE | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 27, 2013, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Andrew Stover.

On August 8, 2006, Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to a sentence of 72 months imprisonment followed by a three-year term of supervised release for the offense of Felon in Possession of a Firearm. Defendant began his term of supervision on March 23, 2012. On July 17, 2012, the case was transferred to the Honorable Richard A. Schell, United States District Judge.

On June 14, 2013, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 64). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not illegally possess a controlled substance; (3) Defendant shall

refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (5) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (6) Defendant shall pay a fine in the amount of $2,000. Any amount that remains unpaid when Defendant is placed on supervision is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross monthly income.

The Petition alleges that Defendant committed the following violations: (1) and (2) On or about May 23, 2013, Defendant was arrested by the Garland, Texas, Police Department and charged with possession of marijuana in violation of Texas Health and Safety Code § 481.121, and possession of Alprazolam in violation of Texas Health and Safety Code § 481.117; (3) It is alleged Defendant was in a vehicle with Al Bonds and Dustin Dewberry at 1:00 a.m. when they were approached by a Garland Police Officer. Defendant was in the back seat of the vehicle. Upon search of the vehicle, a clear tupperware contained with a rd lid was observed to be in the rear passenger seat near where Defendant had been seated. Inside the container was a large freezer bag containing a large amount of marijuana. Also inside the container was a purple Crown Royal bag containing a digital scale, several smaller empty clear plastic baggies, and a clear plastic bag containing 16 Alprazolam pills. Defendant proclaimed ownership of the tupperware container containing the marijuana. Also found in the car was a bag containing methamphetamine which Al Bonds' was charged with possessing. As of June 14, 2013, Defendant is in custody on a State Parole Violator's Warrant. The possession of marijuana charge is pending in Dallas County Court at Law in Case No.

MB1324663, and the possession of Alprazolam charge is still pending filing; (4) Defendant failed to notify the U.S. Probation Office of his arrest on May 23, 2013; (5) As evidenced by his arrest on May 23, 2013, Defendant was associating with AI Bonds and Dustin Dewberry who were engaged in criminal activity. Additionally, Defendant associated with a person convicted of a felony as evidenced by being in the same vehicle with Dustin Dewberry on May 23, 2013, who has previously been convicted of a felony in Dallas County, Texas, Judicial Case No. F-9939716. Defendant did not have the permission the probation officer to associate with Mr. Bonds or Mr. Dewberry; and (6) On April 5, 2012, Defendant was instructed to pay at least 10% of his gross monthly income toward the outstanding fine balance. Defendant failed to make payments as instructed for the months of June, July, August, September, October, November 2012, and January, February, March, April, and May 2013. As of June 14, 2013, a $1,071.02 balance remains unpaid.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the August 27, 2013 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months, with no

supervised release to follow and that Defendant shall pay the remaining balance on his outstanding fine in the amount of $1,071.02. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Seagoville, Texas, if appropriate.

**SIGNED this 28th day of August, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE